**SHINGLESLAW**
**EVAN S. SHINGLES, ESQ.**
**I.D. No. 88918**
834 Chestnut Street, Suite 206
Philadelphia, PA  19107
(215) 925-2915
Fax: (267) 930-3934
shingleslaw@shingleslaw.com

**Attorneys for Plaintiffs**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENSYLVANIA

| | |
|---|---|
| **MICHAEL CURRAN**<br>218 Oxford Road<br>West Chester, PA 19380<br>　　　　**Plaintiff**<br>　　　v.<br><br>**CITY OF PHILADELPHIA, and**<br>**JOHN/JANE DOE #1-10, Individually**<br>**and as a POLICE OFFICERS for the**<br>**CITY OF PHILADELPHIA**<br>**Law Department**<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>　　　　**Defendants.** | **CIVIL ACTION**<br><br>**NO. -CV-**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

### INTRODUCTION

Plaintiff, Michael Curran, brings this civil rights action seeking damages, pursuant to 42 U.S.C. § 1983, against officers of the Police Department of the City of Philadelphia and the City of Philadelphia for depriving him and conspiring to deprive him of his rights guaranteed under the United States Constitution, for the premeditated, unprovoked, and malicious beating by employees of the Police Department of the City of Philadelphia.

## JURISDICTION AND VENUE

This action is brought pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 and 1988. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory provisions. Plaintiff further invokes the pendent jurisdiction of this Court, provided by 28 U.S.D.C. § 1367, to hear and decide related claims arising under state law.

Venue is appropriate in this District pursuant to 28 U.S.C. § 1392 (b) (2) because the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

1.  Plaintiff, Michael Curran (hereinafter "Curran") is an individual citizen of the Commonwealth of Pennsylvania residing in the City of Philadelphia.

2.  Defendant, City of Philadelphia (hereinafter "City") is a government entity and/or political subdivision of the Commonwealth of Pennsylvania organized and existing under and by virtue of laws of the Commonwealth of Pennsylvania which maintains, operates, manages and controls the Police Department of the City which acted by and through its agents, servants and/or employees, including Defendants John/Jane Doe #1-10, and has its offices at City Hall, Philadelphia, Pennsylvania.

3.  Defendants John/Jane Doe #1-10 are agents, servants and/or employees of the City who at all times relevant hereto were police officers employed by the Philadelphia Police Department acting under color of law. Defendants are also being sued in their individual capacity.

4.     At all times relevant hereto, all Defendants acted under color of law and their actions deprived the Plaintiff of his federal constitutional rights and statutory rights.

**GENERAL ALLEGATIONS**

5.     At all times relevant hereto, the City acted by and through its agents, servants and/or employees, Police Officers John/Jane Doe #1-10, who at all times relevant hereto purported to act and/or did act under color of state law, within the course of their duties and scope of their employment as the agents, servants and/or employees of Defendant City and its Police Department pursuant to either official policy, custom or practice of the Philadelphia Police Department and/or the City.

6.     At all times relevant hereto, Defendants acted either negligently, intentionally, maliciously, and/or wantonly under color of state law and authority, and/or color of office, and in reckless, intentional or callous disregard of or indifference to the rights secured to the Plaintiff by federal laws and rules, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

7.     At all times material hereto, the City acted by and through its aforementioned agents, servants, employees, and/or policy makers who acted in accordance with and pursuant to governmental customs, patterns, and policies, which included the failure to take disciplinary and remedial action against officers despite documented records of repeated misconduct and multiple reported abuses of authority, and committed constitutionally offensive acts, including but not limited to the filing of false and baseless criminal charges against law abiding citizens, and the giving of false and perjurious testimony in judicial proceedings, which customs, patterns

and policies were known, or in the exercise of reasonable care, should have been known by the Defendant City to have existed for a substantial period of time.

**FACTUAL ALLEGATIONS**

8. On or about July 2, 2018 Plaintiff was approached by Defendants, City of Philadelphia Police Officers John/Jane Doe #1-10 and arrested in the vicinity of B & Gurney Streets in the City of Philadelphia, Pennsylvania.

9. Defendants "jumped" the Plaintiff whom they alleged had just purchased drugs, questioned, detained, and subsequently arrested him on criminal charges relating to drug possession. Defendant was thereafter placed in a police van and driven around erratically, while handcuffed and without a seatbelt, as the police continued to arrest additional suspects.

10. Eventually, the van parked at Cambria & Rosehill streets and Curran was let out of the van. At his point he asks to speak to the arresting officer but was told by another officer: "man, stop being a little bitch." This officer then proceeded to punch Plaintiff in the side with such ferocity that Plaintiff immediately lost his breath and fell to the ground. He was then transported to a police district.

11. Once in a holding cell Plaintiff began to suffer from an inability to breathe correctly and adequately. As the problem worsened, and Plaintiff's breathing became more labored and erratic, his cellmate attempted to alert staff until finally a Sergeant realized the seriousness of the medical problem suffered by Plaintiff and contacted Rescue.

12. Plaintiff was thereafter transported by ambulance to Episcopal Hospital where he was diagnosed with a collapsed lung and operated on emergently.

13. From Episcopal Hospital he was taken to the Trauma Unit at Temple University Hospital where he remained, undergoing.

14. Due to the severity of his injury Plaintiff was arraigned at the hospital for two misdemeanors, purchase of a controlled substance and possession of a controlled substance (**Commonwealth v. Curran MC-51-CR-17275-2018**). He was eventually discharged on July 7, 2018, five days after his arrest.

15. On January 4, 2019 the case was withdrawn by the Commonwealth and all criminal charges against him were dismissed.

16. The Defendants, by their unlawful conduct, either negligently or intentionally, willfully and maliciously attempted to, and did deprive Plaintiff of the rights, privileges and immunities secured for him by the Constitution of the United States of America, and Amendments thereto, including, without limitation, the rights accorded to him by the Fourth, Fifth and Fourteenth Amendments, and by the Constitution of the Commonwealth of Pennsylvania, all of which acts were done by the Defendants, individually and/or in concert, and in violation of 42 U.S.C. §§1983 and 1985.

17. The Defendants acted either with actual knowledge that their conduct violated Plaintiff's federally and state protected rights, or with reckless and callous disregard of, or deliberate indifference to, said rights.

**COUNT I**
**FEDERAL CAUSE OF ACTION: 42 U.S.C. § 1983 AND 42 U.S.C. § 1988**
**Plaintiff v. Defendant Police Officers John/Jane Doe #1-10**

18. Plaintiff hereby incorporates the preceding paragraphs of this complaint as set forth above.

19. As the direct and proximate result of the aforesaid unlawful and improper conduct on the part of the Defendants, Plaintiff was caused to suffer severe and disabling injuries to the bones, muscles, blood vessels, tissues, nerves and nervous system of his body, including but not limited to, a collapsed lung, the full extent of which injuries is not yet known, and some or all are or may be permanent.

20. As a further direct and proximate result of the unlawful and improper conduct of the Defendants resulting in injuries and damages to Plaintiff as described in the foregoing paragraphs of this Complaint, Plaintiff has been disabled in the past, and may be disabled in the future, from performing his usual duties, occupations, and avocations with consequent loss of earnings, earning power and earning capacity.

21. As a further direct and proximate result of the unlawful conduct of the Defendants resulting in injuries and damages to Plaintiff as described in the foregoing paragraphs of this Complaint, Plaintiff has in the past required, and may in the future be required to receive, medicines, and hospital and medical care and treatment, and has been required to expend, and will in the future expend, monies for such care and treatment.

22. As a direct and proximate cause of the actions of Defendants, Plaintiff suffered the following injury and damages:

   a. Violation of his constitutional rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania; and in particular, his rights to be free in his person, to be free of unreasonable searches and seizures, to be free of excessive force, and to due process and equal protection under the law;

b. Physical and psychological pain and suffering and emotional trauma and suffering, some or all of which may be permanent.

23. The above-described actions of Defendant Police Officers John/Jane Doe #1-10 were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

## COUNT II
### FEDERAL CAUSE OF ACTION: 42 U.S.C. § 1983 AND 42 U.S.C. § 1988
### Plaintiff v. City of Philadelphia

24. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

25. As a direct and proximate result of the active and/or passive conduct described herein, committed under the color of state law, and while acting in that capacity, the Defendants deprived Plaintiff of the equal protection of the laws and Plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States including, but not limited to Plaintiff's right to be free from false arrest, false imprisonment, unlawful searches, and malicious prosecution, to be secure in one's liberty and property, and to due process and equal protection of the law, all to Plaintiff's detriment and loss. As a result, Plaintiff suffered harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments.

26. Plaintiff will continue to suffer harm in the future in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

27. As a direct and proximate result of the active and/or passive conduct described herein and committed under color of law, Plaintiff sustained injuries including, but not limited to, a collapsed lung, restraint of liberty and financial loss.

28. Defendant City of Philadelphia has tolerated, encouraged and been deliberately indifferent to:

   a. Unjustified, unreasonable use of force by police officers;
   b. Abuse of police powers, including physical assault, sexual assault, false arrest, malicious prosecution, harassment and improper searches;
   c. Misrepresenting facts in order to establish probable cause where none would otherwise exist;
   d. Arresting and incarcerating citizens without probable cause with no intention of seeking criminal prosecutions;
   e. Psychologically and emotionally unfit persons serving as police officers and;
   f. Failure of other police officers to prevent, deter, report, or take action against the unlawful conduct of police officers;
   g. Allegations of sexual assault and/or harassment;
   h. Failure of other police officers to prevent, deter, report, or take action regarding allegations of physical and/or sexual assault and/or harassment specifically.

29. Defendant City of Philadelphia has tolerated, encouraged and been deliberately indifferent to the following patterns, practices, and customs and to the need for more or different training, supervision, investigation, or discipline in the areas of:

   a. Unlawful use of force, unlawful detentions, unlawful arrests, and malicious prosecution by police officers;
   b. The proper exercise of police powers, including but not limited to unlawful use of force, unlawful arrest, unlawful detention and malicious prosecution;
   c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;
   d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    e.    The use of their status by police officers to employ unlawful arrests, malicious prosecutions, invocation of the Code of Silence and/or to achieve ends not reasonable or justifiably related to their duties as police officers;

    f.    The failure of police officers to follow established policies, procedures, directives, and instructions regarding the use of arrest powers under such circumstances as presented in this case;

    g.    The refusal of police officers to report or provide information concerning the misconduct of other police officers; and

    h.    Physical assault by police officers.

30. Defendant City of Philadelphia is deliberately indifferent to the need to train and supervise police officers.

31. Defendant City of Philadelphia is deliberately indifferent to the need to discipline police officers as evident from the fact that the internal mechanism adopted by the Defendant City to insure appropriate oversight of police conduct, the Internal Affairs Division (IAD) of the Philadelphia Police Department, has long proven to be ineffective in imposing meaningful disciplinary and remedial actions, thereby allowing the aforementioned unlawful conduct to be repeated.

32. Defendant City of Philadelphia has failed to properly sanction and/or discipline its employees, officials, and agents who commit, are aware of and conceal and/or aid and abet constitutional violations by other police officers, thereby encouraging police offers to violate the rights of citizens without fear of discipline.

33. Defendant City of Philadelphia has a longstanding history over many decades of failing to act to stem the rampant commission of constitutional violations by its police. Specifically, Defendant City of Philadelphia has a longstanding history of denying, tolerating,

excusing, and otherwise willfully ignoring physical assault by police officers against the citizens of the Commonwealth.

34. Defendant City of Philadelphia has, by the above described actions and omissions, deprived the Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

35. Defendant City of Philadelphia has intentionally and with deliberate indifference to the rights of persons, such as Plaintiff, failed to establish a system which properly identifies, reports and/or investigates instances of improper conduct, and thereby permitted, encouraged and tolerated a pattern and practice of employees, officials, and agents, including Defendants in this case, in abusing their powers.

36. Defendant City of Philadelphia, as a matter of policy or practice, has, with deliberate indifference to the rights of persons such as Plaintiff, failed to adequately sanction and/or discipline its employees, officials, and agents, including Defendants in this case, for violations of the rights of individuals, thereby causing Defendants in this case to engage in the unlawful conduct described herein.

37. As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff suffered the following injury and damages:

> a. Violation of his constitutional rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania; and in particular, his rights to be free in his person, to be free of unreasonable searches and seizures, to be free of excessive force, and to due process and equal protection under the law;

b. Loss of his physical liberty; and

c. Physical pain and suffering and emotional trauma and suffering, some or all of which may be permanent.

38. As a direct result of the intentional improper and unlawful acts of the Defendants in this case, Plaintiff suffered from, and continues to suffer from a loss of life's pleasures.

### COUNT III
### PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

39. Plaintiff hereby incorporates the preceding paragraphs of this complaint as set forth above.

40. The Defendants' willful, intentional, reckless or callous disregard of, or indifference to, the rights of Plaintiff as set forth in the preceding paragraphs of this Complaint, was conduct so outrageous and/or malicious as to warrant assessment of punitive damages in such an amount as would act as a deterrent to Defendants and others from the future commission of like offenses and wrongs.

WHEREFORE, Plaintiff demands judgment against Defendants for punitive damages and that Defendants be required to pay costs, interest, and reasonable attorney's fees.

### STATE CAUSES OF ACTION

### COUNT IV
### ASSAULT AND BATTERY
### Michael Curran v. Defendant Police Officers John/Jane Doe #1-10

41. Plaintiff hereby incorporates the preceding paragraphs of this complaint as set forth above.

42. By the conduct set forth above, including physical assault in general, Defendant Police Officers John/Jane Doe #1-10 caused and intended to cause a harmful and offensive contact with the body of Plaintiff.

43. By the conduct set forth above, Defendant Police Officers John/Jane Doe #1-10 caused and intended to cause Plaintiff immediate and harmful injury.

44. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, emotional distress, humiliation, mental pain and anguish.

## COUNT IV
## FALSE IMPRISONMENT
## Michael Curran v. Defendant Police Officers John/Jane Doe #1-10

45. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as set forth above.

46. By the conduct set forth above Defendants caused and intended to cause Plaintiff to be confined by the threat and use of physical force and duress.

47. As a result of the conduct described above, Plaintiff was in fact confined without his consent and against his will.

48. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical pain and injury, and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## Michael Curran v. Defendant Police Officers John/Jane Doe #1-10

49. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as set forth above.

50. By engaging in the offensive conduct described above, Defendant Police Officers John/Jane Doe #1-10 intentionally and/or recklessly caused severe emotional distress to Plaintiff.

51. This conduct was extreme and outrageous and went beyond all bounds of decency, and was designed to cause physical harm, fear, grief, shame, humiliation, embarrassment, and anger.

52. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered and continues to suffer physical injury, severe emotional distress, humiliation, mental pain and anguish, and such other and further losses to be established at trial.

WHEREFORE, Plaintiff, Michael Curran, demands judgment against all Defendants, jointly and/or severally, in an amount in excess of One Hundred And Fifty Thousand Dollars ($150,000.00) Dollars and requests the following relief:

   a. Declaratory judgment;

   b. Compensatory damages;

   c. Punitive damages;

   d. Reasonable attorney's fees and costs; and

   e. Other and further relief as this Court may deem appropriate.

Dated: _____

_____
Evan S. Shingles, Esq.
SHINGLES & SHINGLES
834 Chestnut St., Ste 206
Philadelphia, PA  19107
Counsel for Plaintiff